RICHARD C. DEVIRIAN (SB# 43312)
LAW OFFICES OF RICHARD DEVIRIAN
23326 Hawthorne Blvd., Suite 380
Torrance, Ca 90505
Telephone (310) 375-0099
Fax (310) 375-0021
rdevirian@aol.com

Attorneys for plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIN PHIFER<br><br>    Plaintiff,<br><br>v.<br><br>ICELANDAIR, ICELANDAIR NORTH AMERICA, and DOES 1 through 10 inclusive,<br><br>    Defendants. | CASE NO.: CV08-06561 ODW (CWx)<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ICELANDAIR'S MOTION FOR SUMMARY JUDGMENT<br><br>Hearing Date: October 5, 2009<br>Pretrial Conference: November 9, 2009<br>Trial Date: December 1, 2009<br>Time: 1:30 p.m.<br>Place: Courtroom 11 |

The plaintiff, Elin Phifer, hereby submits her Memorandum of Points and Authorities in Opposition to Icelandair's Motion for Summary Judgment to be argued before this Honorable Court on October 5, 2009 at 1:30 p.m.

DATED: September 17, 2009        LAW OFFICES OF RICHARD DEVIRIAN

                                 _____
                                 RICHARD DEVIRIAN
                                 Attorneys for Plaintiff

**TABLE OF CONTENTS**

Page(s)

1. Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
2. Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-9
3. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

TABLE OF AUTHORITIES

**Statutes** — Page(s)

49 U.S.C. §1502, et seq. .................... 5

**Cases**

Air France v. Saks,
    (1985) 470 U.S. 392, 84 L.Ed.2nd 289, 105 S.Ct. 1338 ..... 5, 7 & 9

Husain v. Olympic Airways
    (9th Cir. 2002) 316 F. 3rd 829 .................... 6

Olympic Airways v. Husain
    (2003) 541 US 1007, 124 S.CT.1221 .................... 6

Magan v. Lufthansa
    (2003 Second Cir.) 339 F. 3d 158 .................... 6

Wallace v. Korean Air
    (2000 2nd Cir.) 214 F.3d 293, 296 .................... 6

Ligeti v. British Airways PLC,
    No. 00Civ,2936(M), 2001 U.S. TISP LEXIS 15996,
    at *10-*11 (S.D.N.Y. October 4, 2001) .................... 7

Laor v. Air France,
    31 F.Supp. 2nd 347 (S.D.N.Y. 1998) .................... 7

Schneider v. Swiss Air Transp, Co.,
    686 F.Supp. 15, 16-17 (D.Me. 1988) .................... 8

Diaz Luogo v. Am. Airlines, Inc.,
    686 F.Supp. 373 (D.P.R. 1988) .................... 9

Waxman v. C.I.S. Mexicana de Aviacion S.A.,
    13 F.Supp. 2nd 508, 512 (S.D.N.Y. 1998) .................... 8

Gilbert v. Pan Am. World Airways, Inc., .
    No. 85Civ.4157. 1989 U.S. Dist. LEXIS 1715,
        at footnote no 3-5 (S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . 8

Maxwell v. Aer Lingus, Ltd.,
    122 F.Supp. 2nd 210, 212-213 (D.Mass 2000) . . . . . . . . . . . . . . 8

Barratt v. Trinidad & Tobago (BWIA Int'l) Airways Corp.,
    No. CV 883945, 1990 WL 127590 (E.D.N.Y. Aug, 28, 1990) . . . 9

## FACTUAL BACKGROUND

The plaintiff suffered a serious brain injury on September 2, 2006 while boarding Icelandair's flight to Reykjavik, Iceland.  Declaration of David Phifer, para. Nos, 6, 7, 8 and 10. This injurious event was both unusual and unexpected.  The lowered aircraft video monitor was the instrument that caused the plaintiff's accident and was under the exclusive control of the defendant, Icelandair.  Declaration of David Phifer, para. No. 9; Declaration of Monica Cleveland para, No. 3 and 4; Declaration of Richard Devirian Exhibit No. 2, Deposition of Jessica Ginger, p. 62 line 19 to p. 63 line 13.  The lowered video monitor during the passenger boarding process was not an open and obvious hazard. Declaration of David Phifer, para. No. 9 and Declaration of Monica Cleveland, para. No. 3.

## ARGUMENT

I.  The parties agree that this action is governed by Convention of the Unification of Certain Rules Relating to International Transportation by Air (Montreal Convention).  See 49 U.S.C. §1502, et seq.

Plaintiff was injured as the result of an "accident" on board defendant's aircraft. Article 17 of the Montreal Convention provides in pertinent part:

> "The carrier shall be liable for damage sustained in the event of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking."

In <u>Air France v. Saks</u> (1985) 470 U.S. 392, 84 L.Ed.2nd 289, 105 S.Ct. 1338, the Supreme Court defined the "accident" under the Warsaw Convention (predecessor to the current Montreal Convention):

> "We conclude that liability under Article 17 of the Warsaw Convention arises only if a passenger's injury is caused by an unexpected or unusual event or happening that is external to the passenger.  This definition

**should be flexibly applied** after assessment of all the circumstances surrounding a passenger's injuries . . . " Saks at 470 U.S. 392, 405-406 84 L.Ed. 2nd 289, 300-301, 105 S.Ct. 1338, 1345." (Emphasis added)

The defendant's Points and Authorities do not rely upon any appellate precedent for the 9th Circuit Court of Appeals. The plaintiff respectfully submits that the decision in <u>Husain v. Olympic Airways</u> (9th Cir. 2002) 316 F. 3rd 829 is the **leading appellate authority** within the Ninth Circuit. The facts therein indicated the death of plaintiff's relative aboard an international Olympic Flight. He was exposed to ambient secondhand smoke while seated in the aircraft's non-smoking section which was 3 rows in front of the smoking section. The Court held that this death was an "accident" under article 17 of the Convention because the airline had refused to move the decedent to another seat in spite of more than one request to do so. The facts in involving the plaintiff, Elin Phifer, are more compelling since ambient smoke on a "smoking flight" is arguably not as unusual or unexpected as the lowered video monitors by this defendant. Moreover, the plaintiff in <u>Husain</u> had an event that surely was somewhat related to his own cardio-vascular disease. Herein, Phifer had direct head trauma of the video monitor negligently left in the extended position by the defendant's cabin crew.

This decision was upheld by the U.S. Supreme Court in <u>Olympic Airways v. Husain</u> (2003) 541 US 1007, 124 S.Ct.1221. Writing for the majority, Justice Clarence Thomas concluded that both the second-hand smoke and the refusal of the flight attendant to assist the passenger contributed to his death. "Petitioner's statement that the flight attendant's failure to reseat Dr. Hanson was not "injury producing event is nothing more than a bald assertion, unsupported by any law of argument."

Under very similar facts, the Second Circuit, in <u>Magan v. Lufthansa</u> (2003 Second Cir.) 339 F. 3d 158 held an accident occurred when an international passenger struck his head during encountered air turbulence. Therein, the plaintiff struck his head on a 9 inch ceiling overhang that was 6 feet 3 inches above the floor level while attempting to return to his assigned seat after using the restroom. At the time of his accident the pilot's log indicated turbulence was both "light and medium". The Court noted that under <u>Wallace v.</u>

Korean Air (2000 2nd Cir.) 214 F.3d 293, 296 that there is a **presumption of carrier liability** for passenger injuries sustained in the cause of air travel. The defense argued that "light to moderate" turbulence is not unusual or unexpected in normal flights so can never be considered an accident under the Saks decision. The Appellate Court held that although the degree of turbulence may be a relevant inquiry, weather reporting criteria for pilots does not create a new rule and law. Accordingly, under the Saks Decision there was an "accident" under Article 17 of the Convention. In holding that the degree of turbulence is not critical, the court stated:

> "In sum, the trial court **erroneously concluded** as a matter of law that turbulence that is 'light' or 'moderate' according to FAA guidelines may never constitute an 'accident' for purposes of liability under Article 17 of the Warsaw Convention." (Emphasis added)

The Saks court identifies certain types of cases which have been held to be "accidents" under the Convention: Terrorist attacks, hijacking, and drunken passenger falling and injuring a fellow passenger (Supra at 470 U.S. 392, 405-406). Other examples of "accidents" within the meaning of the Warsaw and Montreal Convention are as follows:

> "In Ligeti v. British Airways PLC, No. 00Civ,2936(M), 2001 U.S. TISP LEXIS 15996, at *10-*11 (S.D.N.Y. October 4, 2001), it was undisputed that when a plaintiff was trapped in an aircraft lavatory and then struck by a door being forced open, there was an "accident".
>
> In Laor v. Air France, 31 F.Supp. 2nd 347 (S.D.N.Y. 1998) the plaintiff was in the lavatory when a smoke alarm went off. The plaintiff was then pulled from the lavatory in a state of undress and forced to suffer malicious comments and ongoing verbal attack for the remainder of the flight. It was determined that this was an "accident" in that the sounding of the smoke

alarm was an unexpected occurrence outside of the control of the passenger, and thus an "accident".

In <u>Schneider v. Swiss Air Transp, Co.</u>, 686 F.Supp. 15, 16-17 (D.Me. 1988), the plaintiff sustained a knee injury while attempting to move her body over the armrest of her seat in order to give the passenger next to her access to the aisle. Summary judgment was denied in that triable issues of material fact existed as to whether the circumstances surrounding injury were external to the passenger and beyond the usual operation of the aircraft.

In <u>Diaz Luogo v. Am. Airlines, Inc.</u>, 686 F.Supp. 373 (D.P.R. 1988) burns from hot coffee spilled by plaintiff during a flight were considered to be from an "accident".

In <u>Waxman v. C.I.S. Mexicana de Aviacion S.A.</u>, 13 F.Supp. 2nd 508, 512 (S.D.N.Y. 1998) a passenger was struck in the leg with a hypodermic needle protruding from the seat in front of him. This was determined to be an "accident".

In <u>Gilbert v. Pan Am. World Airways, Inc.</u>, No. 85Civ.4157. 1989 U.S. Dist. LEXIS 1715, at footnote no 3-5 (S.D.N.Y. 1989) a piece of galley equipment broke and injured the plaintiff. This was determined to be an "accident".

In <u>Maxwell v. Aer Lingus, Ltd.</u>, 122 F.Supp. 2nd 210, 212-213 (D.Mass 2000) it was held that a passenger hit on the head by a bag containing liquor bottles that was dislodged from the overhead bin by another passenger was an "accident".

In <u>Barratt v. Trinidad & Tobago (BWIA Int'l) Airways Corp.</u>, No. CV 883945, 1990 WL 127590 (E.D.N.Y. Aug. 28, 1990), a trip and fall inside an airline terminal was determined to be an "accident".

In summarizing the qualifications necessary for an "accident" under Article 17 of the Convention, the Supreme Court held: "Any injury is the product of a chain of causes, and we require only that the passenger is able to prove that some link in the chain was an unusual or unexpected event external to the passenger." (Saks, 470 U.S. 392, 406).

In the case at hand, the "accident" is alleged to be related to direct head trauma and the conduct of the flight attendants by failing to retract the video monitors during the initial boarding process. The recent cases listed above address these issues and conclude that they are deemed "accidents" under the Convention.

## CONCLUSION

The facts as presented establish a clear right by plaintiff to establish an "accident" under the 9th Circuit and the U.S. Supreme Court case authority and accordingly the defendant's motion for summary judgment should be denied in its entirety.

Respectfully Submitted:

DATED: September 17, 2009

LAW OFFICES OF RICHARD DEVIRIAN

RICHARD DEVIRIAN
Attorneys for Plaintiff

# PROOF OF SERVICE BY MAIL

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 23326 Hawthorne Blvd., Suite 380, Torrance, CA 90505. On September 18, 2009 I served the within document(s):

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ICELANDAIR'S MOTION FOR SUMMARY JUDGMENT**

**(By Overnight Courier):** I caused the above-referenced document(s) to be delivered by Fed-Ex Next day delivery to the person(s) at the address(es) set forth below.

**(By Facsimile):** I caused the above-referenced document(s) to be transmitted by facsimile machine to the person(s) at the address(es) set forth below.

**(By CM/ECF):** I caused to be electronically filed a true and correct copy of the above-entitled document(s) with the Clerk of the Court using Case Management Filing (CM/ECF), which will send notification that such filing is available for viewing and downloading to all counsel on record electronically as required by the Court on this matter.

On the following party (parties):

Michael A. Hession
CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, CA 94105
(Counsel for defendants)
FAX: (415) 365-9801

**Federal:** I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 18, 2009, at Torrance, California.

*Cynthia Moreno*
CYNTHIA MORENO